## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **REX FAUST,** | : | |
| | : | |
| **Plaintiff,** | : | **3:03-CV-36 (CAR)** |
| | : | |
| **vs.** | : | |
| | : | |
| **IRA EDWARDS, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

_____

### *ORDER ON REMAINDER OF DEFENDANT"S*
### *SUMMARY JUDGMENT MOTION*

This case remains before the Court on the remainder of Defendant Ira Edwards'
Motion for Summary Judgment [Doc. 15], Plaintiff's Response [Doc. 21], and Defendant's
Supplemental Brief [Doc. 23].  In his Complaint [Doc. 1], Plaintiff brings claims against
Defendant for violations of his Eighth and Fourteenth Amendment rights under the United
States Constitution as well as state law claims for negligence.  In its Order on Summary
Judgment [Doc. 22], the Court granted summary judgment to Defendant in his individual
capacity on the constitutional claims and the state law claims against him.  But, because the
Court found that it could not address the claims against Sheriff Edwards in his official
capacity without hearing from the parties on the Eleventh Amendment immunity issue, the
Court withheld ruling on these claims and directed the parties to respond to the Order.
Defendant filed his Supplemental Brief to the Court on February 4, 2005 [Doc. 23], but
Plaintiff did not file a Supplemental Response.

The Court provided a recitation of the factual background of this case in its

1

Summary Judgment Order [Doc. 22], and as the remainder of this order does not turn specifically on the facts, the Court does not find it necessary to restate such background.

It is well settled that an action for damages under § 1983 against a local government employee in his official capacity is tantamount to an action for damages against the local government entity that the employee represents.  See Brandon v. Holt, 469 U.S. 464, 471-72 (1985). Thus, the claims against Defendant Sheriff Edwards in his official capacity are essentially either against the Unified Government of Athens-Clarke County or against the State of Georgia, as the government agencies he could possibly be representing in his capacity as sheriff.  This is the critical point on which the Eleventh Amendment immunity analysis hinges.  See McMillian v. Monroe County, 520 U.S. 781, 785-86 (question is whether the sheriff acts for the county or state).  If Defendant Edwards represents the state, then Eleventh Amendment immunity applies, and the claims against him in his official capacity cannot go forward.

The only remaining possibility is that Defendant Edwards was acting on behalf of the county.  However, Plaintiff clearly stated in his Response [Doc.21] that he was not suing the Unified Government of Athens-Clarke County, and the Court ruled in its Order dated January 6, 2005 [Doc. 22] that the Unified Government of Athens-Clarke County is no longer involved in this litigation. Therefore, Plaintiff voluntarily dismissed the only defendant from which he could have recovered, and Plaintiff did not take the opportunity to clarify this position as it relates to Eleventh Amendment immunity by filing a supplemental brief.

Based on the procedural posture of the case, the Court finds it unnecessary to

engage in the full Eleventh Amendment immunity analysis as to these claims since the issue is moot.  Summary judgment must be granted if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Johnson v. Clifton, 74 F.3d 1087, 1090 (11th Cir. 1996).  In light of the reasoning and facts stated above, the Court **GRANTS** summary judgment in favor of Defendant as to the remaining claims made against Sheriff Edwards in his official capacity.  Therefore, the remainder of Defendant's Motion for Summary Judgment is hereby **GRANTED**, and the case is accordingly dismissed as there are no claims remaining against any defendants.

     **SO ORDERED** this 22nd day of July, 2005.


    s/ C. Ashley Royal
    **C. ASHLEY ROYAL**
    **United States District Judge**

LTH